## BORST v BORST, JR.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3018. Decided Sept. 27, 1939

Isadore Margulia, Columbus, for plaintiff-appellee.

Grover C. Brown, Columbus, for defendant-appellant.

### OPINION

By BARNES, J.

The above entitled cause is now being determined on defendant's appeal on question of law from the judgment of the Court of Common Pleas, Division of Domestic Relations of Franklin County, Ohio.

The notice of appeal refers to the judgment appealed from as under date of January 19, 1939. An examination of the transcript of docket and journal entries discloses that there was no judgment under date of January 19th.

The final entry was January 17th, 1939.

Thereby it appears that the notice of appeal was not filed within twenty days as required under §12223-7, GC. Under this situation this Court has no jurisdiction to make any order other than to dismiss the appeal for want of jurisdiction.

It may be some comfort to counsel to know that even if we were considering the cause on the merits the appeal would be dismissed for the reason that the only final order made in the entry of January 17, 1935, was a dismissal of the contempt charges. This being a judgment in appellant's favor it would be a vain thing to permit an appeal therefrom.

Of course, we understand that what appellant was intending to appeal from was the finding of the court that the appellant was in arrears in his payment for the support of his minor child, Reed Borst, in the sum of $260.00.

Under no circumstances would this constitute anything more than a finding entry and in a proper case might be the predicate for a judgment entry. Of course a mere finding entry is not a final order. All the trial court was doing in this case was endeavoring to have the entry show that he was not dismissing the contempt proceeding because of the claim of Max Borst, Jr., that he did not owe anything but rather on other grounds. The reading of the court's decision as shown at page 52 of the record clearly demonstrates what the court had in mind,

"The Court finds that he has failed to comply with the order of the court in that he owes $260.00 to this woman. Because of inability to pay the court will find that he is not guilty of contempt. That means that they may make application to reduce this arrearage to judgment if they so desire or if there is an ability on his part he may be brought in at a future date."

Defendant's attempted appeal will be dismissed on the ground that the court has no jurisdiction.

HORNBECK, PJ. & GEIGER, J., concur.